IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

THE UNITED STATES OF AMERICA, *ex rel* )
RON MEADOWS, )
 )
    RELATOR/PLAINTIFF )
 )
vs. ) CIVIL ACTION FILE NO._____
 )
MOUNTAIN STATES CONTRACTORS, LLC, )
 )
    Defendant.

## COMPLAINT FOR VIOLATION OF FALSE CLAIMS ACT

Comes the Relator/Plaintiff, Ron Meadows, and would show the Court as follows for his Complaint against Mountain States Contractors, LLC for violation of the False Claims Act and for his wrongful termination:

1. Ron Meadows, Relator, hereinafter referred to as "PLAINTIFF," is a resident and citizen of Dickson County, Tennessee.

2. Mountain States Contractors, LLC, hereinafter referred to as "DEFENDANT," is a foreign Limited Liability Company that was formed in North Carolina but has a principal business address of 5760 Old Lebanon Dirt Road, Mt. Juliet, Tennessee 37122. The Defendant can be served through its Registered Agent for service, Jere N. McCulloch, 109 N. Castle Heights Avenue, Lebanon, Tennessee 37087.

3. The Defendant is engaged in the business of building highways, road surfaces, bridges, and related construction. It provides services to the United States Government and to the State of Tennessee and receives payment each year from those governmental entities for the construction of highways, road surfaces, bridges, and related construction.

4. Jurisdiction exists pursuant to 31 U.S.C.A. § 3730, *et seq.* in as much as this action seeks remedies on behalf of the United States for violations of 31 U.S.C.A. § 3729 by the Defendant and the Defendant can be found, resides and transacts business in this district. Venue exists in this district pursuant to 31 U.S.C.A. § 3730(b)(1) inasmuch as the Defendant is qualified to do business in the State of Tennessee, conducts substantial business in the State of Tennessee, and transacts business in this district.

5. This action is brought on behalf of the United States to recover all damages, penalties and other remedies established by and pursuant to Rule 31 U.S.C.A. § 3729 and § 3730. Plaintiff claims entitlement to a portion of any recovery made by the United States as *qui tam* Plaintiff authorized by 31 U.S.C.A. § 3730.

6. The Defendant knowingly, unlawfully, and wrongfully submitted false claims, records, and statements to officials of the State of Tennessee and the United States for the purpose of obtaining payment or approval in connection with a series of contracts that involved highway construction in Robertson County, Cheatham County, Montgomery County and Wayne County, Tennessee, among others. It is believed that the Defendant knowingly, unlawfully, and wrongfully submitted false claims on at least 11 projects within the State of Tennessee.

7. The Defendant does not qualify nor has it been certified as a Disadvantaged Business Enterprise as defined by the Code of Federal Regulations.

8. G & M Associates does qualify and has been certified as a disadvantaged business enterprise as defined by the Code of Federal Regulations.

9. In order to obtain contracts and profits from both the state and federal government, which the Defendant could not obtain without utilization of a disadvantaged

business enterprise subcontractor, the Defendant fraudulently represented and reported that G & M Associates employees were actually performing necessary work under the contracts.

10. In fact, the Defendant's own employees performed the work on the contracts as if the work was completed and done by employees of G & M Associates.

11. The work on these contacts should have been performed by G & M Associates' employees to comply with the requirements of utilizing a disadvantaged business as a subcontractor on a bid job.

12. The Defendant utilized G & M Associates as a pass through entity to perpetrate this illegal activity.

13. In order to make it appear that G & M Associates' employees were performing on the contracts, the Defendant placed the Plaintiff on the payroll of G & M Associates without his knowledge or approval in an effort to circumvent state and federal law regulations.

14. The Defendant placed workers in addition to the Plaintiff on the payroll of G & M Associates as part of the same scheme even though the workers never applied to G & M Associates and never agreed to be employees of G & M Associates.

15. The Plaintiff objected to this fraudulent and unlawful practice and told the Defendant that he would no longer participate in being placed on a G & M Associates payroll to make it look like he was employed by someone other than the Defendant.

16. The Plaintiff complained about this practice to the Defendant and to state inspectors. But for the Plaintiff's actions neither the state nor federal government had any knowledge of the false and fraudulent actions of the Defendant.

17. The Plaintiff was employed by the Defendant on the 7th day of October, 1991 as a foreman. As a result of the Plaintiff's investigation into the Defendant's fraud against the United States, Defendant terminated Plaintiff's employment effective October 1, 2011. The acts of the Defendant in retaliating against the Plaintiff because of Plaintiff's reporting of Defendant's continual fraudulent activity as stated above against the United States and others, including but not limited to, the wrongful discharge of the Plaintiff violates the provisions of 31 U.S.C.A. § 3738 prohibiting discrimination by employers against employees who investigate and/or report violations. As a direct and proximate result of the foregoing, Plaintiff has lost all benefits and privileges of employment. Plaintiff is entitled to all relief necessary to make him whole.

18. As a result of the Defendant's retaliation and Plaintiff's wrongful discharge, Plaintiff suffered lost wages, past and future, emotional damages, and sued for all compensatory damages available for statutory and common-law retaliatory discharge.

19. The United States have been damaged by all of the above mentioned representations and false claims and the Defendant knowingly made false claims to officials of the United States for the purpose of retaining payment on the above-stated contracts.

20. The Plaintiff's action seeks to remedy Defendant's wrongful conduct for the following claims of relief: Violations of Federal Whistleblowing Protection Act contained in 31 U.S.C.A. § 3730(h) and violation of Tennessee Public Protection Act, *Tennessee Code Annotated* § 50-1-304; wrongful discharge of the Plaintiff in violation of public policy; breach of implied and expressed contracts entered into by Defendant and Plaintiff, negligence and punitive damages for the willful and malicious conduct.

**WHEREFORE**, PREMISES CONSIDERED, PLAINTIFF PRAYS FOR A JUDGMENT TO BE ENTERED AGAINST THE DEFENDANT,

1. Holding that the United States is entitled to damages from the Defendant in accordance with the provisions of 31 U.S.C.A. §§ 3729 and 3730 of which no less than twenty-Five percent (25%) should be paid to the Plaintiff, Relator, and such other further relief as appropriate.

2. Declaring acts and practices complained of herein are in violation of the enforceable provisions contained in 31 U.S.C.A. § 3730.

3. Directing Defendant to pay Plaintiff compensatory damages in an amount to be proven at trial.

4. Placing the Plaintiff in a position that he would have held but for Defendant's discriminatory and retaliatory treatment.

5. To make Plaintiff whole for all earnings and benefits he would have received but for the discriminatory and retaliatory treatment, including but not limited to, wages (front and back pay), benefits and any and all other relief afforded under the whistleblowers protections contained in 31 U.S.C.A. § 3730(8).

6. Directing Defendant to pay costs of this action with reasonable attorney's fees.

7. Declaring the Defendant's acts against the Plaintiff as willful, wanton, and malicious and directing Defendant to pay Plaintiff punitive damages in an amount to be proven at trial.

8. In granting such other and general relief as the Court deems proper.

Respectfully submitted,

/s/ John L. Whitfield

_____
John L. Whitfield, Jr., No. 10675
Moody, Whitfield & Castellarin
95 White Bridge Road, Suite 509
Nashville, TN 37205
(615) 356-8130 (Phone)
(615) 356-8138 (Fax)
*Attorney for the Plaintiff*